Good morning. Christopher Stender, I'm representing the petitioner in this matter. This is an immigration case where there is a faulty finding of inadmissibility by an immigration judge. The Board of Immigration Appeals has held that if the criminal court has heard charges relating to a crime, that the immigration authorities will defer to the resolution of the case in criminal court. In several published decisions, the Board, the BIA, has declined to find inadmissibility based on a guilty plea if the conviction is followed by effective post-conviction relief, a pardon, or, relevant to our matter, where charges are dismissed pursuant to a plea. The foregoing is true even when the defendant has independently admitted the crime before a DHS officer in an adjustment proceeding or an immigration judge. In matter of CYC, the Board further held that where there has been a judicial adjudication of perjury before the court in criminal proceedings and the adjudication resulted in dismissal of the perjury proceedings, the alien should not be held bound by an independent admission of the commission of the perjury and the only exception is unless the criminal court's action is based on purely technical grounds such as the running of the statute of limitations or an acquittal based on the basis of perjury testimony or some other exception to the rule. Under the Board's clear precedent, the immigration judge should not have found the respondent in the immigration case, the petitioner, inadmissible because what happened is he was convicted of DUI alcohol. There's some mention of cocaine in the case. There's never a cocaine charge brought. The police report, which is in the administrative record, mentions possession of cocaine. There's never any amount mentioned. It's never stated where the petitioner had it on his possession, where it was in his car. It said he was under the influence. Two charges are brought, DUI alcohol and DUI drugs. It goes to court. The court he pleads guilty to DUI alcohol. DUI drugs is dismissed. No charges were ever brought for possession of any controlled substance. To do what you want us to do, what would the court on appeal, what would be the issue that we would resolve and how would we get to where you want us to go if the facts show he did admit? Well, I think what's problematic about an admission under these circumstances are, and you can see it in the trial court testimony, he's not sure he had cocaine. He's not sure what he was under the influence of and there's no evidence that he was under the influence of any drug. He bought a controlled substance. He said he used it and he admitted he was under the influence of it. He wanted to use cocaine. He tried to use cocaine. He tried to use, it's all admitted and I think he said he used it once before. He did state and the immigration judge questioned him closely on this, that it did not make him feel the same way as it did the first time that he felt a little different, a little slower. Users will say, users as you know from representing, they'll say the same thing. This wasn't as good. This was, the other was terrible. In fact, we know a lot of the overdose cases is because he got a purer shot than he normally gets and it did whatever it is to him. That doesn't prove it wasn't cocaine. There's nothing in this record that shows it wasn't cocaine. There's nothing in the record that shows that it was cocaine either. There's no, not even the police report which I, you know, arguably since this is an adjustment case and the respondent, the petitioner has a burden to come forward with evidence and testify and show that he is otherwise admissible. There is no evidence whatsoever and he put in this evidence that there was cocaine involved. He was under the influence and he thought it was cocaine and he gets arrested and he goes to criminal court and pleads guilty for DUI alcohol. What the petitioner is requesting that the court, the Ninth Circuit do is to request, re-demand the case to the Board of Immigration Appeals directing it to apply its own precedent. Right, well your argument basically is this. You can't use the statement because it was, it referred to an incident which the criminal charges filed and then dismissed, right? You can't use his independent statement. That's your first argument. Second one is you can't use it because he wasn't advised of the elements of the crime. Right. Right? That's it? That's, that's the statement right there. Why don't you save your time for rebuttal? I'll do that. I would just point out also though, I think and Judge Berzon kind of pointed this out in the Pesco Wind case is it's problematic where a respondent is able to testify to what happened and there's really no evidence brought forward to prove that an actual violation of the statute was involved. The ground of inadmissibility involved here is reserved for people that are actually guilty. Those people that are No, you don't want to lose any advantage you may have from Judge Thomas' summation, do you? No, I don't, Your Honor. Thank you very much. Let me go out here from the other side. She wasn't just out of the recall in that case. Good morning, Your Honors. Why don't you go right to the two points. The two points? Yes. This is No, go ahead. Introduce yourself. My name is Nicole Murley. The record won't get it down unless you do it. Go ahead. This is an adjustment of status case pursuant to 245I of the INA where the alien has the   Nicole Murley. Nicole Murley. Nicole Murley. Thank you. Under 245I of the INA, the alien bears the burden of proving that he had, in order to be eligible for adjustment, he has to have a visa immediately available and he has to prove that he was admissible. It is his burden. In this case, I submit the petitioner failed to establish the prerequisite admissibility in this case. Before the immigration judge, he applied in 2004 again for adjustment of status. Before the trial, on page 70, DHS submitted the applicable statute here, the Arizona Revised Statute 13304, which entitled Possession, Use, Administration, Acquisition, Sale of a Narcotic Drug criminalizes the knowing possession or use of a narcotic drug. During the hearing, petitioner testified at least 11 times that the substance he bought that day he believed was cocaine. Right. So, but it has, it rises or falls on his admissions. Correct. And every month, the government comes out and argues, well, really, you should apply the BIA precedents. So if we apply CYA, I believe it is, or CC, what's the name? CYC. CYC. And matter of fact. CYC says this is not admissible. You can't use it, right? Well, CYC was a case from 1950. I submit to do what petitioner. So what difference does that make? Well, to do what petitioner's counsel has requested, you would have to read an ambiguity into the section 212A2AI2. So the board was wrong in CYC, is that what you're saying? I'm not submitting that the board, that there was error. Okay. Are you advocating we follow CYC or not? Not in this case. No, I think that the. What distinguishes, if CYC is still good precedent for the board, what distinguishes this case from CYC? Well, I would, in this court, in a similar situation, M. Paz-Kalguin found the petitioner's statements of just marijuana use to a doctor were sufficient to find him inadmissible under the relevant inadmissibility statute. In this case. And we're having, in this situation, it's a similar situation. Not really, because if you read closely in that case, it also disallowed the admission before the immigration officer. Before the immigration officer. And the reason that that was not allowed is because he wasn't advised of the elements of the crime and that was considered before a government official. The only reason they allowed it in that case is because he made the statements before a doctor who was not an agent of the government. His admissions here are before a government official. So how does that case help you? Because he also made, he was advised of the elements of the statute prior to the immigration hearing, where before DHS he was found, after that interview, the 2003 interview, he was charged with, he was charged as being inadmissible because he was present without, or present in the United States without being inspected or paroled in. So he was removed, found removable on a separate charge. The case was then referred to an immigration judge for a merits hearing. So where is he referred to, where was he given the elements of the Arizona statute? On page 70 of the transcript, after DHS submitted the statute, DHS informed the immigration judge that Petitioner's Counsel was given, prior to the hearing, a copy of the statute. One would assume that Petitioner's Counsel had advised his client of the elements of the statute. So your answer is that when the questioning started, he was not advised of the elements of the crime on the record. Is that right? I can't tell one way, the record is not clear in that matter. But when he was asked by the immigration judge, sir, are you aware that there's a statute out there that criminalizes the knowing possession and use of a narcotic drug, and cocaine is in fact a narcotic drug, Petitioner replied, yes, I did. And the immigration judge then asked him, and you did so anyway, and Petitioner acknowledged, yes, I did. I think that he did admit, I think he was aware of the essential elements of the statute. I think that the cases relied on by Petitioner's Counsel, one of the reasonings for the rules in those cases was to ensure that the alien in those situations received fair play. I don't think the same concerns arise here where his case was heard multiple times, and multiple times throughout the record, Petitioner acknowledges. Oh, there's no doubt he admitted it. I mean, that's just plain from the record. The only question is whether we can abuse the admission. And his arguments are, one, he wasn't advised, and you've covered that. But I guess I still understand your CYC response. Either you have to say it's not good precedent, or to say, well, that in fact it does apply here. I mean, the other cases have to go with an independent admission made to a nonjudicial officer. I would say it's distinguishable based on the facts of this case, that in this case where there was multiple instances of his admission, and he was advised of the essential elements, that in order to be eligible for relief, Petitioner bore the burden of proving that he was admissible, and he just has not done that. And the immigration judge determination that he had admitted the essential elements of a controlled substance violation was not manifestly contrary to law. There's no further questions. Thank you. Well, I'd like to point out that the actual submission of the statute by the government attorney during the hearing happened at the conclusion of his cross-examination. It's after he already questioned the applicant for admission, the respondent in this case, elicited all the information that he wanted. And then page 70, it's clear at the very end of the cross-examination, the judge asks whether the government attorney has the statute. And he says, yes, I do, I have it. And he submits it. There's about another page of some conversation, and it's turned back over for redirect to me. So, you know, perhaps there was a definition offered. It was just a copy of the statute rendered into the record at the conclusion of the government attorney's cross-examination. It's very, very late during the proceedings. And I think under the informed admission rule, it's a procedural prerequisite, and it should happen at the beginning of the proceeding. Well, when he says counsel was given a copy as well, is that a copy of the exhibit, or were you given a copy? It's a copy of the statute. The statute was handed to me just before it was offered into evidence, Your Honor. So it was not, I mean, that was a response of, I want to put the statute into evidence, here's a copy to counsel. It wasn't that you had a copy of it before the hearing. Is that correct? Correct, because the government... I was talking about the statute. I mean, we understand, you know, what the law is in general terms. But did the government file any papers that indicated they were going to rely on the statute specifically? No. At that point in the hearing, at the conclusion of the government's attorney cross-examination, I think the judge initiates it. And in fact, if you look at the record, and he says, yes, I do have a copy, and it's offered into evidence. I'm sorry, is there a fault? Okay. And I'd also like to point out that if the court looks to matter of E.V., there was an issue whether C.Y.C. is still good law. In matter of E.V., it was interesting because Congress kind of extended this statute, the very one that we're looking at, to include this extra language, somebody who admits to the essential elements of the crime. And there was an issue whether or not how that would be applied to the particular respondent in that case. And what is interesting is that this is essentially what we're dealing with today, this case from 1950. E.V. came out in 1953, and it is still good law. And I think the BIA has to apply its own precedent, and as the courts pointed out, the government comes in and makes these arguments that the BIA precedent should apply, and that deference has to be given to the BIA precedent under Chevron, and the case has to be remanded with instructions for the BIA to apply its own precedent. And in this case, there would be a finding that under C.Y.C., those admissions cannot be used because there was a criminal court adjudication, it was dismissed, and other than that, the respondent is admissible, there's no other grounds. He testified truthfully, and he's fully admissible to the United States as an applicant for adjustment of status. Thank you, counsel. Thank you.
judges: Farris, Beezer, Thomas